

# NUMBER 13-20-00458-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JASON WALTON JONES,**                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

### On appeal from the 413th District Court
### of Johnson County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Silva**

Appellant Jason Walton Jones appeals his conviction of continuous sexual abuse of a young child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02(b), (h). By a single issue, Jones argues the evidence was legally insufficient to support a finding that the sexual abuse occurred over thirty or more days, a required element of continuous sexual abuse of a young child. *See id.* We affirm.

# I.    BACKGROUND[1]

In June 2019, Jones was indicted for one count of continuous sexual abuse of three young children, Kathy, Amber, and Ashley.[2] Amber and Ashley are sisters and Kathy is their cousin. Each complainant testified at a bench trial, detailing similar abuse, such as Jones using vibrators on them, digitally penetrating their vaginas, and directing them to perform oral sex on him or each other.

Ashley testified that the abuse began in the summer after she finished pre-K or kindergarten, when Ashley, Amber, and Kathy would go to their relatives Tim and Patricia Howard's house while their mothers worked. Also residing in the home were Tim and Patricia's two children and Patricia's uncle, Jones. According to Ashley, certain acts of abuse occurred "more than ten" times and the events did not occur all in one day and were "spread out." Ashley testified that they stopped routinely going to the Howards' home once school started, but they would sometimes go for sleepovers. During the sleepovers, Jones would wake Ashley up after all the kids went to sleep, take her into his room, and digitally penetrate her vagina or have Ashley lick his penis.

Amber testified that she, Ashley, and Kathy began going to the Howards' home regularly a couple of weeks into the summer "between first and second grade or second and third grade." Amber testified that her mouth touched Jones's penis "50, 60" times, his fingers touched her vagina "15, 20" times, her hands touched is penis "60 or 70" times,

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] To protect the identity of the complainants, who were minors at the time the crimes occurred, we refer to them by the pseudonyms used at trial. *See* TEX. R. APP. P. 9.8 cmt.

and he touched her vagina with a vibrator "30 or 40 times." Amber further testified that the abuse occurred "[a]lmost every day" over the summer months and stated that it continued after school started when they would stay a night or weekend at the Howards' home. She could not recall precisely when the abused stopped, but "[she] kn[e]w it was before [she] was 11."

Kathy similarly testified that the abuse began in the summer at the Howards' home. According to Kathy, "it was like a week or so before [Jones] started anything." Kathy further testified that the abuse continued after the school year began, and she would stay at the Howards' home when school was out for a holiday or if her mother worked on a weekend.

Ashley and Amber's mother, D.S., testified that the children began staying at the Howards' home about the middle of June in 2008 and continued to go there through the entire summer. D.S. testified that the children returned to school between August 15 and August 20 that year. D.S. further confirmed that the children occasionally stayed the night at the Howards' home after the school year began.

Finally, Patricia testified that she began watching the girls in the summer of 2008. Patricia agreed that the girls would go back to her house "[o]nce or twice a month maybe" after school started. Patricia testified that she would leave the house "once or twice a week" to run errands or get groceries. She believed Ashley either finished pre-K or kindergarten that summer while Amber and Kathy had finished first grade.

Although he did not testify, Jones's interview with law enforcement was admitted as an exhibit. During the interview, Jones recalled "[Amber] and [Ashley] touching [his]

3

penis" although he maintained he would not have "let it happen" unless he was drunk. Jones further acknowledged that the children would use dildos and vibrators that he kept in his room on themselves though he said he would "try to take them away" from the children when they would. Jones eventually admitted that he "might have touched their vaginas" and confirmed that Ashley licked his penis and "grinded on it" until he ejaculated. Jones later stated that "[he] doesn't dispute anything [the complainants] said." Jones did not discuss the timeline of events in his interview.

At the conclusion of evidence, the trial court found Jones guilty of continuous sexual abuse of a young child and sentenced him to forty-five years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This appeal followed.

## II.    STANDARD OF REVIEW

In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We consider both direct and circumstantial evidence as well as all reasonable inferences that may be drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013). "Each fact need

4

not point directly and independently to the guilt of a defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). We resolve any evidentiary inconsistencies in favor of the verdict, keeping in mind that the factfinder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Walker*, 594 S.W.3d at 335; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Romano v. State*, 610 S.W.3d 30, 34 (Tex. Crim. App. 2020). The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Walker*, 594 S.W.3d at 336.

### III. APPLICABLE LAW

A person commits the offense of continuous sexual abuse of a young child if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

TEX. PENAL CODE ANN. § 21.02(b). An "act of sexual abuse" includes, among others,

5

"intentionally or knowingly caus[ing] the penetration of the anus or sexual organ of a child by any means" or "caus[ing] the penetration of the mouth of a child by the sexual organ of the actor." *Id.* §§ 21.02(c)(3), 22.011(a)(2).

To establish acts of sexual abuse during a period that is thirty or more days in duration, "[t]he State need not prove the exact dates of the abuse, only that 'there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration.'" *Buxton v. State*, 526 S.W.3d 666, 676 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (quoting *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.)). Evidence of general age or time periods may be sufficient to prove two or more acts of sexual abuse occurred during a period of thirty or more days. *See Baez v. State*, 486 S.W.3d 592, 594–96 (Tex. App.—San Antonio 2015, pet ref'd) (concluding evidence that abuse "'started happening when [complainant] was 12 to 14,' and the 'last time [was when she] was 13 to 14 years old'" was sufficient to support verdict); *Smith v. State*, 397 S.W.3d 765, 770 (Tex. App.—San Antonio 2013, no pet.) (upholding conviction where complainant could not recall exact date of second act of sexual abuse but additional evidence supported finding that it was more than thirty days after first act); *see also Cantu v. State*, No. 13-10-00270-CR, 2011 WL 3667450, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2011, pet. ref'd) (mem. op., not designated for publication) (concluding evidence was sufficient where child's testimony established abuse from September 2007 until December 2008 and additional evidence supported abuse

6

occurring during that period).

## IV.    DISCUSSION

Jones only challenges the sufficiency of the evidence that the sexual abuse occurred during a period of thirty or more days. In support of his argument, Jones points to variations between the testimony of Ashley, Amber, Kathy, and D.S. about the timeline of events. Although each complainant recalled the timeline slightly differently, it was up to the fact finder to determine the credibility of the witnesses and what weight to give their testimony. *See Walker*, 594 S.W.3d at 335. Here, D.S. and Patricia both testified that the children stayed with the Howards in the summer months between school years, beginning in June and ending in August, and occasionally after school started. D.S. further testified that the children started school that year between August 15 and 20. Each complainant testified that the abuse started immediately or shortly after they started going to the Howards' home and continued after the school year began. The complainants did not need to provide specific dates to establish the abuse occurred over a period of thirty or more days—their testimony that the abuse began during the summer and occurred after the school year started is sufficient to establish that it occurred over a period thirty or more days. *See Buxton*, 526 S.W.3d at 676; *Baez*, 486 S.W.3d at 594–96.

The complainants were also able to testify to specific acts that constituted sexual abuse after the school year started, such as digital penetration of their vaginas or Jones's penis penetrating their mouths. *See* TEX. PENAL CODE ANN §§ 21.02(c)(3), 22.011(a)(2). Viewing the evidence in light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Jones sexually abused the

7

complainants during a period that is thirty or more days in duration. *See Stahmann*, 602 S.W.3d at 577; *see also Cantu*, 2011 WL 3667450, at *6.

## V. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of August, 2021.

8